LUMBER MUTUAL CASUALTY INSURANCE Co. OF NEW YORK, Plaintiff, *v.* SAMUEL HOROWITZ, Defendant.

City Court of New York, Trial Term, New York County, December 15, 1937.

*Julius Alan Weiss,* for the plaintiff.

*Louis L. Friedman,* for the defendant.

WENDEL, Ch. J.   Motion to set aside verdict is granted.

Plaintiff sued defendant to recover $2,000, the alleged earned and unpaid premiums on two policies of insurance issued by it to

defendant. The premiums payable under these policies, one of which is a general liability and the other a workmen's compensation policy, are based on remuneration earned by defendant's employees during the policy periods. The policies by their terms provide for the payment of an advance premium based on estimated remuneration of the employees and in addition provide that the policy premium is based on the entire remuneration of the employees during such period. The policies contained the further provision that on their termination the insurer shall be entitled to examine the assured's books and records for the purpose of determining the actual premium earned.

The policy periods having expired, plaintiff caused an inspection and audit to be made of defendant's records, and upon the basis of such examination and audit brought this action, alleging that on the basis of said audit additional premiums aggregating $2,000 were found to be due to plaintiff, and judgment for said sum was demanded.

After joinder of issue, plaintiff moved for summary judgment, which motion was granted, and an assessment directed to determine the amount due plaintiff.

The assessment came on for hearing before the court and a jury and resulted in a directed verdict for plaintiff for $46.42, such sum being the amount shown to be due to plaintiff, by taking the entries in the records of defendant at their face value. Plaintiff attempted to introduce evidence showing that the remuneration actually earned by defendant's employees was in excess of the amounts specified in defendant's books, but this evidence was objected to on the ground that plaintiff was bound by the figures appearing on defendant's records and could not offer proof attacking their correctness, particularly in view of the fact that the action was based on plaintiff's audit of defendant's books, and the complaint was barren of any allegations charging that same were incorrect or false. Such objection was sustained and the evidence excluded. This exclusion was error, necessitating a new assessment.

Under the policy provisions plaintiff is entitled to receive premiums based on the entire remuneration of defendant's employees actually earned. In order to assist plaintiff in ascertaining such earnings the policy permits it to inspect defendant's books. The result of such inspection is not necessarily binding on plaintiff, for it may be that the books do not correctly show the earnings of defendant's employees. Defendant claims, however, that inasmuch as plaintiff in its complaint sets forth that its right to recover is based on its audit of defendant's books, plaintiff as a consequence is bound by the results of such audit, based on the entries contained

in the books, and, in the absence of allegations that such entries were incorrect or false, plaintiff may not go behind the same. While the term " audit " is sometimes restricted to a mere mathematical calculation or process, the word in its generally accepted sense includes an investigation and weighing of the evidence and the deciding of whether or not the entries in the books are true and correct. Hence, the results of an audit are not necessarily confined to the *prima facie* showing of the books, but permit ascertainment of whether or not the entries made are correct representations of the facts which they purport to show. This being so, and if, as claimed by plaintiff, the audit showed that the remuneration paid was not in fact as stated in the books of defendant, it was not necessary to set forth in the complaint that the books and records of defendant were incorrect, but merely to set forth that the audit made of said books showed a premium indebtedness to plaintiff. The burden, of course, is on plaintiff to establish that its audit is correct. The question of whether or not the plaintiff will be able to establish this and that the remuneration actually paid by defendant is as claimed is not now before me.

Submit order accordingly on notice providing for the setting aside of the verdict and the restoration of the cause to the day calendar of Trial Term, Part III, for a day certain.